1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**SKIBA LAW GROUP, PLC**
John N. Skiba (022699)
1640 South Stapley Drive, Suite 127
Mesa, Arizona 85204
T: (480) 420-4028  F: (480) 302-7844
Email: john@skibalaw.com
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Nickell,<br><br>                    Plaintiff,<br><br>v.<br><br>U.S. Collections West, Inc.;<br><br>                    Defendant. | Case No: _____<br><br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Paul Nickell, through counsel, does hereby state his complaint against Defendant U.S. Collections West, Inc. as follows:

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by this Defendant in its efforts to collect a consumer debt.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

///

**PARTIES**

4.     Plaintiff Paul Nickell (hereinafter "Nickell") is a natural person who resides in the City of Sun Lakes, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant U.S. Collections West, Inc. (hereinafter "USCW") is a collection agency operating from an address of P.O. Box 39695, Phoenix, Arizona 85069, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

6.     Plaintiff Nickell allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) through the Pintel Law Firm, PLLC ("Pintel Law Firm").

7.     In approximately October 2012, the alleged debt was consigned, placed or otherwise transferred to USCW for collection from Nickell.

8.     On or about July 21, 2014 Nickell obtained a copy of his credit report and noticed that USCW had reported a delinquent account.

9.     On or about July 21, 2014 Nickell called USCW on the telephone and spoke with "Jewel" and asked for information as to why USCW had reported a delinquent account on his credit report and further requested information as to who the debt was owed to.

10.     USCW representatives informed Nickell that he was delinquent on payment to the Pintel Law Firm and the account had been placed with USCW for collection.

11.     USCW informed Nickell that he owed $5,253 and that the account was accruing interest at the rate of 18%.

12.     Prior to Nickell placing a telephone call to USCW, at no point had USCW ever sent a demand letter to Nickell or communicated with him in any way about the alleged debt.

13.     On July 21, 2014 Nickell sent an email to USCW and included a copy of his credit report as well as monthly bank statements demonstrating payments that he had made to the Pintel Law Firm.  *See* Email dated 7/21/2014, a true and accurate copy is attached as Exhibit A.

14.  Pursuant to the 7/21/2014 email Nickell informed USCW that he had been making monthly payments to the Pintel Law Firm and that some of the payments had been returned not cashed due to the fact that the Pintel Law Firm had failed to cash the check within ninety (90) days of receipt.

15.  In response to Nickell's July 21, 2014 telephone call and email inquiry and request for validation of the debt USCW received and provided Nickell with copies of documentation which it alleged substantiated its demands for payment.

16.  On or about July 25, 2014 USCW sent a letter to Nickell demanding payment on the principle amount of $3,965.72 and further demanding interest in the amount of $1,295.11, for a total amount of $5,260.83.  *See* Letter from USCW, dated 7/25/2014, a true and accurate copy is attached as Exhibit B.

17.  Included with the letter from USCW was a representation agreement between Nickell and the Pintell Law Firm as well as an invoice from the Pintel Law Firm to Nickell dated October 1, 2012 and seeking a total amount of $4,065.72.  *Id*.

18.  In response to Nickell's email, USCW contacted attorney Susan Pintel of the Pintel Law Firm to inquiring about the Nickell account.

19.  On or about August 12, 2014, Susan Pintel emailed USCW and stated the following about Nickell's account with her law office:

   a)  The person who did data input for the Pintel Law Firm did not apply some of the monthly payments that Nickell had sent her office;

   b)  That Ms. Pintel did not now what happened with the checks Nickell sent her office as they were never deposited into her account;

   c)  That Ms. Pintel terminated her bookkeeper due to her "inconsistency";

   d)  That Ms. Pintel doesn't know if Nickell's checks were "thrown away/shredded";

   e)  That Ms. Pintel due to a problem with her mailbox some of the mail to the Pintel Law Firm was misdirected for a period of time;

   f)  That Ms. Pintel is uncertain as to which of Nickell's checks were unaccounted for and that is because the checks were "misdirected, lost, or simply thrown away" since the bookkeeper for the Pintel Law Firm did not know how to apply the payments;

   g)  That Ms. Pintel did not inquire further about the missing Nickell payments since "$5 and/or $10 per month was not a large enough sum to worry me."

20. Nickell provided USCW copies of his bank records that demonstrated several payments that had been returned due to the Pintel Law Firm's failure to deposit such checks.

21. Despite the original creditor conceding that the accounting information was inaccurate and that payments from Nickell were either lost, shredded, returned, or otherwise not credited to Nickell's account,  USCW continued to press forward with collections and on January 13, 2015 filed suit against Nickell in the McDowell Mountain Justice Court seeking the amount of $3,960.72.

22. Defendant is in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1), and 1692g.

23. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions.  Further, Plaintiff has had to incur expenses in the form of costs and attorney's fees in defending the action filed by USCW in the justice court.

**TRIAL BY JURY**

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

27. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable

attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

**DATED** this 19th day of June 2015.


Skiba Law Group, PLC



_/s/ John Skiba_____
John N. Skiba
*Attorney for Plaintiff*